UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LONOK SHIPPING COMPANY,

                Plaintiff,

- against -

PACIFIC INTER-LINK SDN BHD a/k/a
PACIFIC INTERLINK SDN BHD

                Defendant.
------------------------------------------------------------X

JUDGE MARRERO
07 CIV 8614

ECF CASE

RECEIVED
OCT 04 2007
U.S.D.C. S.D.N.Y.
CASHIERS

### VERIFIED COMPLAINT

Plaintiff, LONOK SHIPPING COMPANY (hereinafter "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, PACIFIC INTER-LINK SDN BHD, (hereinafter "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Liberia.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Singapore.

4. At all material times, Plaintiff was the Owner of the motor vessel "TAKIS" (hereinafter the "Vessel").

5. By a charter party dated July 6, 2005, Plaintiff voyage chartered the Vessel to Defendant on the VEGOILVOY charter party form with amendments for a voyage from one or two safe port(s) in Malaysia to one or two safe ports within the Mediterranean Sea for the carriage of a full cargo, minimum of 10,000 metric tons, of palm oil products.

6. Under the charter party the demurrage rate to be paid by Defendant for delays incurred in loading and/or discharging the cargo was $11,000 per day. The laytime allowed to Defendant under the charter party, *i.e.*, the time allotted for loading and discharging, was 162.37 hours. The laytime actually used by Defendant at the ports of Pasir Gudang, Belawan, Beirut, Tartous and Barcelona was 308.35 hours. As such, the time to count for demurrage is 145.98 hours at the daily rate of $11,000.

7. During the course of the charter, disputes arose between the parties regarding Defendant's failure to pay to Plaintiff the demurrage due and owing under the charter party contract. Specifically, Defendant has breached the charter party as it has failed to pay Plaintiff sums for demurrage in the amount of $65,234.81. Plaintiff calculated demurrage in the following manner: $11,000/24 x 145.98 hours = $66,907.013 less $1,672.68 (2.5% broker commission) = $65,234.81.

8. The charter party provides that disputes shall be referred to arbitration in London, England with English Law to apply.

9. Despite due demand, Defendant failed and/or refused to pay the principal amount of $65,234.81 that is due and owing to Plaintiff.

10. Thus, pursuant to the charter party, Plaintiff is about to commence arbitration proceedings in London against Defendant on its claims.

11. Under English law, interest, costs and attorneys' fees are recoverable by the prevailing party.

12. As best as can now be estimated, Plaintiff expects to recover the following amounts in London arbitration:

    A.     Principal claim:     $65,234.81

    B.     Interest on principal claim at
              8% interest, compounded quarterly, from

|  |  | October 16, 2005 until March 10, 2007: | $10,984.68 |
|  | C. | Estimated recoverable attorneys' fees and arbitration costs including arbitrators' fees: | $36,000.00 |

**Total**                                                                                   **$112,219.49**

13.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

14.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.      That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.      That pursuant to 9 U.S.C. §§ 201. *et seq.* this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D.      That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount $112,219.49 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

  F. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

  G. That this Court award Plaintiff its attorney's fees and costs of this action; and

  H. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: October 4, 2007
   New York, NY

         The Plaintiff,
         LONOK SHIPPING COMPANY,

         By: _____
         Charles E. Murphy (CM 2125)
         LENNON, MURPHY & LENNON, LLC
         420 Lexington Ave., Suite 300
         New York, NY 10170
         (212) 490-6050 – phone
         (212) 490-6070 – fax
         cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   New York
County of New York  )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   October 4, 2007
         New York, NY

_____
Charles E. Murphy